IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICKEY WAYNE TOLBERT, JR.**                                 **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 3:17CV1010 LG-LRA**

**LIEUTENANT "UNKNOWN" MARTINEZ, et al.,**            **DEFENDANTS**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Tolbert was incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, when he filed the instant complaint. Pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), he brought claims against prison officials for allegedly violating his Eighth Amendment constitutional rights. Tolbert alleges that Defendants: Special Housing Unit Lieutenant S. Martinez, Recreational Officer R. Rash, Special Housing Unit Officers C. Williams, C. Johnson, and M. Deans, acted with deliberate indifference in failing to protect him from being stabbed by another inmate on October 31, 2017. Defendants assert that Tolbert has failed to exhaust administrative remedies that were available to him through the Bureau of Prison's mandatory four-step process set forth in 28 C.F.R. §§ 542.10-542.19. They request an order of dismissal pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Complaint should be dismissed for failure to exhaust administrative remedies.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program. Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

28 C.F.R. §§ 542.10–542.19 establish a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days of the Regional Director's response. Upon completing this multiple-tiered review process, a federal inmate has exhausted his administrative remedies.

The "failure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Because Defendants rely on matters outside the pleadings, the motion to dismiss should be construed as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers,* 938 F.2d 565, 568 (5th Cir.1991). This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir.1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must

"draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712. Thus, to prevail here, Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). The undersigned has reviewed the record and the parties' submissions and finds the unrebutted summary judgment evidence establishes Tolbert's failure to exhaust his claims in the instant action.

In his Complaint, Tolbert concedes that he failed to exhaust administrative remedies before filing suit. He explains that his failure-to-protect claim concerns a life-threatening situation "that only the U.S. District Court can rule on" and there was "nothing administration can do for me through remedies." Notwithstanding, in response to the motion to dismiss, Tolbert reverses course and asserts that he did exhaust his administrative remedies, citing *Tolbert v. Warden Nash, et. al.,* No. 3:18CV128 WHB-JCG (S.D. Miss. Feb. 27, 2018) (*Tolbert II*), a separate *Bivens* action filed on February 27, 2018, as evidence in support. He also submits a rejection notice for an administrative remedy claim (ID No. 921329-R1) filed on October 31, 2017, the date of the stabbing, challenging the "unprofessional, inappropriate conduct or misconduct by staff." [1]

However, *Tolbert II* alleges discriminatory housing and transfer practices by prison officials. It does not raise a failure-to-protect claim nor describe the stabbing

---

[1] ECF Nos. 24-2, p. 4; 26-1, p. 1.

incident described in the Complaint in this case. There was only one relevant grievance filed, and Tolbert seeks to apply it to both his *Tolbert II Bivens* claim as well as the failure-to-protect claim. He appears to argue that because he supposedly exhausted his remedies in *Tolbert II*, those earlier events of alleged staff misconduct in that case "led to" this case and no further action was necessary. In fact, the claims in *Tolbert II* were not exhausted – the submission was rejected as improperly filed. However, even if they were accepted it would not excuse the requirement to complete the process regarding the failure-to-protect claim.[2]

Further, an affidavit submitted by Defendants from Lisa Singleton, Deputy Case Management Coordinator at FCC-Yazoo, avers that of the 29 administrative remedy requests Tolbert has submitted during his incarceration, ten were submitted on or after the stabbing incident described in his Complaint. Of those ten, the Bureau's Sentry Administrative Remedies system reveals that none related to administrative remedy series 921329-R1 (series filed after October 23, 2017) were fully exhausted.[3] This position is supported by Tolbert's own argument when he states:

---

[2] ECF No. 26, p. 4.

[3] *Id.* at 26-1, 24-2. The rejection notice advised:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSTIVE. HOWEVER, WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO POLICY. **YOU SHOULD FILE A REQUEST OR APPEAL AT THE APPOPRIATE LEVEL VIA REGULAR PROCEDURES.** (emphasis added).

5

>Plaintiff argues he filed at Institutional level first several times but received <u>No Response</u>. Plaintiff immediately filed at Regional Office level, Regional office received Plaintiff's complaint detailing *discrimination, double jeopardy, cruel and unusual punishment* (Remedy # 921329) on October 31, 2017. Which is the date Plaintiff was assaulted with a deadly weapon.[4]

Tolbert's lawsuit was filed on December 13, 2017. The only relevant grievance filed did not pertain to any claim of failure to protect. Furthermore, in filing that grievance, Tolbert ignored the first two required steps and filed it as a regional administrative appeal. As he failed to file a grievance first with the warden as required, his notice was rejected, and he was directed to "file a request or appeal at the appropriate level via regular procedures." There is no claim by Tolbert, nor any evidence of record to suggest, that he made any further filing regarding a failure to protect claim prior to filing in this Court.

To the extent Tolbert contends that the stabbing incident was a "special circumstance" exempting him from exhaustion, the argument is foreclosed by the United States Supreme Court's decision in *Ross v. Blake*, — U.S. —, 136 S. Ct. 1850, 1858 (2016). "Exhaustion is no longer left to the discretion of the district court." *Woodford,* 548 U.S., at 85. "Under § 1997e(a), the exhaustion requirement hinges on the "availab[ility]" of administrative remedies: An inmate, that is, must exhaust available

---

[4] 
| REJECT REASON 2: | DUE TO YOUR ALLEGATIONS, YOUR APPEAL IS BEING FORWARDED TO ANOTHER DEPARTMENT FOR REVIEW. HOWEVER, YOUR APPEAL WAS RETAINED IN ACCORDANCE WITH POLICY. |

[4] ECF No. 26, p. 4. (italics added).

6

remedies, but need not exhaust unavailable ones." *Blake*, 136 S.Ct. at 1858. The Supreme Court has described three instances in which an administrative procedure may be considered unavailable for purposes of the PLRA's exhaustion requirement: "[A]n administrative remedy may be unavailable where (1) prison officials are "unable or consistently unwilling to provide any relief to aggrieved inmates," (2) the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use" by an ordinary prisoner, or (3) prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. *Hinton v. Martin*, 742 F. App'x. 14, 15 (5th Cir. 2018) (quoting *Blake*, at 1859-60) (internal quotation marks omitted).

     Even with the benefit of liberal construction, Tolbert does not contend, in either his Complaint or traverse, that any of these examples are present with respect to his claims in the instant case. *Martin*, 742 F. App'x at 15. Although he maintains that the administrative remedy process is futile, he does not present any evidence to support this conclusory allegation. This Court may "not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 (2001). PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S. Ct. 983 (2002). As stated, even if the Court were to liberally construe the claims as related to his failure-to-protect claim, Tolbert failed to complete the prescribed administrative procedure beyond the regional level.

7

Tolbert has failed to exhaust his administrative remedies, as conceded in his Complaint, and has failed to meet his burden of establishing that administrative remedies were unavailable.  For these reasons, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be granted, and that Plaintiff's claims against Defendants be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on January 24, 2019.

                                                  s/ Linda R. Anderson
                                  UNITED STATES MAGISTRATE JUDGE