# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RICKY WAYNE TOLBERT, JR.**                                **PLAINTIFF**

**v.**                                   **CAUSE NO. 3:17CV1010-LG-LRA**

**LIEUTENANT UNKNOWN MARTINEZ;**
**et al.**                                                        **DEFENDANTS**

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION AND GRANTING MOTION FOR SUMMARY JUDGMENT

This cause comes before the Court on the [33] Report and Recommendation of United States Magistrate Judge Linda R. Anderson, entered in this cause on January 24, 2019. The defendants in this prisoner civil rights case filed a [23] Motion to Dismiss or, in the Alternative, for Summary Judgment arguing that the plaintiff, Ricky Wayne Tolbert, Jr., failed to exhaust available administrative remedies before filing his *Bivens*[1] action. Magistrate Judge Anderson determined that Tolbert had failed to exhaust his claims through the four-step Bureau of Prisons ("BOP") administrative remedy process before filing this lawsuit. Judge Anderson therefore recommends that summary judgment be entered in Defendants' favor and that Tolbert's claims be dismissed. Tolbert filed an [36] Objection to Judge Anderson's Report and Recommendation.

A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); 28 U.S.C. § 636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Tolbert's Objection does not raise any new arguments. He does not challenge Magistrate Judge Anderson's conclusion that he failed to exhaust administrative remedies. Rather, he reasserts that he did not need to exhaust administrative remedies because his complaint alleges a life-threatening situation that states an arguable Eighth Amendment Claim. To be clear, Tolbert does not assert or otherwise articulate that the administrative remedy process was unavailable to him.[2] *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016); *Hinton v. Martin*, 742 F. App'x 14, 15 (5th Cir. 2018). His arguments regarding the merits of his Eighth Amendment claim need not be considered because he has failed to exhaust available administrative remedies.

---

[2] Tolbert makes several bald assertions about the "futility" of completing the administrative process, but he does not even begin to explain how or why it would be futile to attempt completion of the BOP's process.

The Court has conducted a *de novo* review of Tolbert's objections to the magistrate judge's findings, the record in this case, and relevant law. For the reasons stated in Magistrate Judge Anderson's Report and Recommendation, the defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment will be granted and Tolbert's claims will be dismissed for failure to exhaust administrative remedies. However, such a dismissal should be without prejudice rather than with prejudice. *See Taylor v. Jones*, 749 F. App'x 305, 305 (5th Cir. 2019); *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [33] Report and Recommendation of United States Magistrate Judge Linda R. Anderson, entered in this cause on January 24, 2019, should be, and the same hereby is, adopted as the finding of this Court. Except that Plaintiff's claims will be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff Ricky Wayne Tolbert, Jr.'s [36] Objections are **OVERRULED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the defendants' [23] Motion to Dismiss or, in the Alternative, for Summary Judgment – which this Court construes as a motion for summary judgment – is **GRANTED**. The plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**SO ORDERED AND ADJUDGED** this the 2nd day of March, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE